**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOCAL UNION NO. 1 BAKERY, CONFECTIONARY, TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL UNION, AFL-CIO-CLC, ) ) ) ) | |
| Plaintiff, ) | No. 07 C 4166 |
| ) | Wayne R. Andersen |
| v. ) | District Judge |
| ALPHA BAKING COMPANY, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant Alpha Baking Company's ("Alpha Baking") motion to vacate an arbitration award under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and plaintiff Local Union No. 1 Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, AFL-CIO-CLC's (the "Union") motion to enforce that same arbitration award. For the following reasons, we deny Alpha Baking's motion to vacate the arbitration award and grant the Union's motion to enforce the award.

## BACKGROUND

Alpha Baking operates a commercial bakery in La Porte, Indiana, and is subject to a collective bargaining agreement with the Union. The parties' collective bargaining agreement was in effect at all times relevant to this action. On July 25, 2006, Alpha Baking employee Teresa Ruiz ("Ruiz") was suspended for fighting with co-worker Kathy Gosciniak ("Gosciniak") and Ruiz was fired by Alpha Baking on July 28, 2006 for violating Work Rule 9(A), which

prohibits fighting. The Union appealed Ruiz's termination according to the grievance procedure set forth in the collective bargaining agreement, which provides that:

> The full power of discharge and discipline lies with [Alpha Baking]. It is agreed that this power shall be exercised with justice and regard for the reasonable rights of the employee. If the Union, after investigation, finds that an employee has been discharged without just cause, and cannot reach an adjustment with the representative of [Alpha Baking], it may bring the case to the arbitration board for a decision.

(Compl., App. 1, Art. IV, § 1.)

An arbitration hearing was held in this matter on February 19, 2007. The parties jointly submitted the following issue to the Arbitrator: "Whether the discharge of [Ruiz] was in violation of the collective bargaining agreement, and, if so, what is the appropriate remedy." At the arbitration hearing, Gosciniak testified that, on July 22, 2006, supervisor Bob Brown signaled to Gosciniak to cut the lines and that Gosciniak subsequently yelled four times to shut off the lines. Gosciniak further testified that Ruiz told Gosciniak that "it isn't necessary for [Gosciniak] to yell so many times." Gosciniak testified that she responded to Ruiz by saying "apparently it is because you're still running." After making this statement, Gosciniak then allegedly remarked to Ruiz, "Theresa, I am so tired of your [expletive]." Gosciniak testified that Ruiz then put up her palm which Gosciniak interpreted to mean "shut up." Gosciniak testified that Gosciniak then shook her fist at Ruiz and said "I'll give you my hand." Following this, Ruiz, who was sitting on a stool about two-and-a-half feet away from Gosciniak, allegedly climbed down from her stool and walked forcefully into Gosciniak, grabbed Gosciniak, and shoved her. After this altercation, Alpha Baking suspended Gosciniak for three days and fired Ruiz.

Following the arbitration hearing, the Arbitrator determined that Ruiz violated Work

Rule 9A, which prohibits fighting. However, the Arbitrator also found that Ruiz was provoked by Gosciniak, that Ruiz had no prior disciplinary record, that Ruiz was treated differently than other employees who had fought in the workplace, that Gosciniak was not disciplined after she raised her fist at Ruiz, that Gosciniak thought so little of the incident that she did not immediately report it to management, and that Gosciniak testified that she did not want Ruiz fired. After considering these factors, the Arbitrator concluded that Alpha Baking lacked cause to fire Ruiz and that Ruiz's firing should be converted to a 30-day, unpaid suspension. The Arbitrator further provided that his decision was to serve as a final, written warning to Ruiz, with the understanding that Alpha Baking could immediately fire Ruiz if she ever again engaged in a physical confrontation during the course of her employment.

Following the arbitration hearing, Alpha Baking refused to reinstate Ruiz and abide by the decision of the Arbitrator. As a result, the Union initiated this lawsuit on July 24, 2007. Alpha Baking now moves to vacate the arbitration award, and the Union moves to enforce the arbitration award.

## DISCUSSION

It has long been established that judicial review of arbitration awards under collective bargaining agreements is extremely narrow. *See, e.g., United Steelworkers of Am. v. Enter. Wheel & Car Corp.,* 363 U.S. 593, 596 (1960). The Supreme Court has stated that federal courts must enforce an arbitration award unless it fails to "draw its essence from the collective bargaining agreement" and instead represents the arbitrator's "own brand of industrial justice." *Id.* at 597. An arbitration award draws its essence from a collective bargaining agreement so long as the award is even arguably based on the arbitrator's interpretation of the agreement, even

3

if the reviewing court is convinced that the arbitrator's interpretation is plainly wrong. *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 37-38 (1987); *Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.,* 935 F.2d 1501, 1505 (7th Cir. 1991). "It is only when the arbitrator must have based his award on some body of thought, or feeling, or policy, or law that is outside the contract . . . that the award can be said not to draw its essence from the collective bargaining agreement." *Ethyl Corp. v. United Steelworkers of Am.*, 768 F.2d 180, 184-85 (7th Cir. 1985).

I. *The Arbitrator's determination draws its essence from the collective bargaining agreement.*

We find that the Arbitrator's award draws its essence from the parties' collective bargaining agreement and should thus be enforced. The collective bargaining agreement permitted the Arbitrator to weigh the "seriousness of the case" and the "past record of the individual involved," though neither phrase was defined in the agreement. (Compl. App. 1, Art. IV, § 5.) When a term is left undefined in a collective bargaining agreement, an arbitrator may bring to bear his own knowledge and experience to interpret its meaning. *Chicago Typographical Union,* 935 F.2d at 1505. Here, we find that the Arbitrator clearly examined the "past record of the individual involved" when he looked at Ruiz's prior disciplinary record. We also find that, in examining the "seriousness of the case," it was appropriate for the Arbitrator to consider whether Ruiz was provoked into the confrontation by Gosciniak as well as the level of discipline that Gosciniak received for her role in the confrontation.

4

Alpha Baking argues that the Arbitrator exceeded his authority under the collective bargaining agreement because he considered Alpha Baking's past practice in dealing with physical confrontations among employees. We disagree. Although the Seventh Circuit has found that "an [arbitration] award will not be enforced when it draws its essence solely from the parties' past practice," *Anheuser-Busch, Inc. v. Teamsters*, 280 F.3d 1133, 1139 (7th Cir. 2002), it is clear that in this case the Arbitrator considered other factors in addition to Alpha Baking's past practice in making his determination. Specifically, the Arbitrator also considered Ruiz's disciplinary record, whether Ruiz was provoked, and the level of punishment that Gosciniak received for her role in the altercation. Because "seriousness of the case" was not clearly defined in the parties' collective bargaining agreement, we find that it was appropriate for the Arbitrator to consider those factors, in addition to Alpha Baking's past practice, in evaluating the "seriousness of the case." *See id* (finding that past practice can be used to interpret ambiguous contract terms). Therefore, we find that the arbitration award in this case draws its essence from the parties' collective bargaining agreement.

II.     *The arbitration award does not violate public policy.*

Alpha Baking argues that the arbitration award should be vacated because reinstatement of Ruiz would violate public policy because Ruiz was found guilty of physically assaulting an employee. A court may not enforce an arbitrator's interpretation of a collective bargaining agreement that is contrary to public policy. *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am.*, 959 F.2d 685, 688 (7th Cir. 1992). Specifically, an arbitration award may be unenforceable if it violates "some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general

5

considerations of supposed public interests." *United Paperworkers Int'l Union,* 484 U.S. at 38.

Here, Alpha Baking has not identified, and we cannot find, any well defined and dominant public policy that requires the immediate discharge of an employee who commits an act that may fall within the criminal definition of battery regardless of circumstances. In fact, courts in this Circuit have enforced arbitration awards that reinstated employees found to have committed acts that may have violated criminal statutes. *See Chrysler Motors Corp.*, 959 F.2d at 689 (enforcing an arbitration award ordering the reinstatement of an employee found to have sexually assaulted another employee); *E.I. DuPont de Nemours & Co.*, 790 F.2d 611, 620 (7th Cir. 1986) (enforcing an arbitration award ordering the reinstatement of an employee who had attacked his supervisor). In this case, the Arbitrator found that Ruiz had no prior discipline, that she was provoked, and that a supervisor who had been charged with physically assaulting employees was not immediately discharged. The Arbitrator also concluded that Alpha Baking can immediately fire Ruiz if she ever engages in physical confrontation again during her employment. We find that this award does not violate any well defined and dominant public policy. Accordingly, we deny Alpha Baking's motion to vacate the arbitration award, and we grant the Union's motion to enforce that award.

## **CONCLUSION**

For foregoing reasons, defendant Alpha Baking Company's motion to vacate the arbitration award [16] is denied, and plaintiff Local Union No. 1 Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, AFL-CIO-CLC's motion to enforce the arbitration award [20] is granted. Defendant Alpha Baking Company is to comply with each and every directive of the Arbitrator as contained in the arbitration award and is to pay interest on

any monies owed to grievant Teresa Ruiz pursuant to the arbitration award. This case is terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: August 28, 2008